Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 JUL 27 PM 2: 48

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROBERT ANTHONY DEPAUL, | ) CASE NO. DM0583-11 |
| Plaintiff, | ) |
| | ) **DECISION AND ORDER** |
| vs. | ) |
| THAMISHA OMAYRA ACOSTA, | ) |
| Defendant. | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on Defendant Thamisha Omayra Acosta's Motion to Set Aside the Default Judgment of Divorce. Attorney Daniel S. Somerfleck represented Defendant. Attorney Ron Moroni represented Plaintiff, Robert Anthony Depaul. Following the hearing the Court took the matter under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

Plaintiff filed a complaint for dissolution of marriage on August 15, 2011. The parties were married in 2009 and there is one minor child of the marriage. Plaintiff personally served Defendant with the Summons and Complaint. Defendant made an appearance at one child support hearing on September 22, 2011, but otherwise failed to answer or defend against the complaint, despite the urging of the court to do so. Following the child support hearing, Defendant left Guam and returned to California where both parties now reside. Plaintiff applied for entry of default,

which the clerk granted on October 19, 2011. Plaintiff then filed a Notice of Hearing for Entry of Default Judgment requesting a hearing date: This Court scheduled the hearing for December 27, 2011. It is undisputed that Defendant did not receive written notice of the default hearing date, though there is disagreement as to whether Defendant had actual notice of the hearing.

Plaintiff and his counsel attended the hearing on December 27, 2011. Defendant was not present. Following the hearing, this Court entered default judgment against Defendant. Thereafter, Plaintiff returned to California where he attempted to enforce the default judgment. Defendant claims that she was unaware of the entry of default or the entry of default judgment against her until Plaintiff attempted to enforce the judgment in California. On February 16, 2012, Plaintiff filed a motion to set aside the default judgment based on her assertion that she was never provided notice of the default hearing as required by Guam Rule of Civil Procedure 55(c). The issues to be decided by this Court are (1) whether Defendant received sufficient notice of the default hearing; and, if not then (2) whether the lack of notice warrants setting aside the default judgment.

## DISCUSSION

### I.    Legal Standard

Defendant seeks to set aside default judgment pursuant to GRCP 60(b)(1), (3), and (4). GRCP 60(b) allows a court to grant relief from judgments in certain instances, and provides in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;

> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void.

. . .; or

(6) any other reason justifying relief from the operation of the judgment.

GRCP 60(b).

Under GRCP 55, entry of a valid default judgment entails a two-step process involving entry of default by the clerk, which is then followed by entry of default judgment by either the clerk or the court. That rule provides, in relevant part:

**Rule 55. Default.**

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) Judgment. Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitle to a judgment by default shall apply to the court therefore . . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . *shall be served with written notice of the*

-3-

> *application for judgment at least 3 days prior to the hearing on such application. . . .*

GRCP 55(a), (b) (emphasis added). Under the rule, a defendant who appears in the action, notwithstanding that party's default status, is entitled to receive at least three days' notice prior to the default hearing. Such notice is required to enable the defendant to exercise his or her right to contest the entry of default or to contest the amount of damages. *See Tarr v. Superior Court In & For Pima County*, 690 P.2d 68, 70 (Ariz. 1984); *First Nat. Bank of Telluride v. Fleisher*, 2 P.3d 706, 716 (Colo. 2000); 10A Charles Alan Wright et. al., Fed. Prac. and Proc. § 2684 (3d ed.) (West).

II.     Legal and Factual Analysis

The crux of Defendant's argument in this case is that the judgment is void because Defendant did not receive notice of the default hearing. This Court finds that Defendant did not receive proper notice of the default hearing and that the deprivation of due process constitutes sufficient grounds to vacate the judgment.

a.   *Defendant Did Not Receive Proper Notice Under Rule 55(b)*

Plaintiff expends great effort to refute Defendant's claim that she did not have notice of the default hearing. Both parties have engaged in lengthy discussions of their versions of the facts in this case and both parties' memoranda are accompanied by declarations supporting their version of the facts. Before reaching the legal merits of Defendant's argument regarding the lack of notice, this Court briefly addresses the parties' dispute as to whether Defendant received proper notice of the default hearing.

Plaintiff asserts that Defendant had actual knowledge of the default hearing date and that her failure to appear at that hearing constitutes willful neglect. Plaintiff claims that during a telephone call between Plaintiff and Defendant, Defendant stated that she had called the court regularly to inquire as to the status of the proceedings. (Pl.'s Decl. ¶ 18, Mar. 20, 2012) As such, Plaintiff contends that

he is "virtually certain that [Defendant] knew of the exact date of the default hearing." *Id.* Defendant's own declaration states that Defendant had absolutely no prior knowledge of the default hearing. (Def.'s Decl. ¶ 5, Feb 27, 2012)

This Court simply cannot find that Defendant received proper notice. First, Plaintiff has no affirmative evidence that Defendant had notice of the hearing— Plaintiff's only offer of proof is Plaintiff's own statement of belief that Defendant was apprised of the hearing at some point during Defendant's telephone communication with the court. However, any speculation as to what notice Defendant may have received through her communications with the court is irrelevant as Rule 55(b) requires that a party who has appeared in a case receive *written* notice of the default hearing. Plaintiff does not dispute that Defendant did not receive written notice. As such, the facts here support Defendant's contention that she did not receive proper notice as required by Rule 55(b).

### b. *Failure to Provide Notice Under Rule 55(b) Renders the Judgment Void*

Notwithstanding a defendant's clear right to receive notice of a default hearing under Rule 55(b), Plaintiff asserts that other courts have viewed their identical notice provision as procedural rather than substantive, and that any lack of notice is but one consideration when determining whether to set aside a default judgment. This Court is not persuaded by the cases cited by Plaintiff.

In *O'Brien v. Eubanks*, 701 P.2d 614 (Colo. App. 1984), the court concluded that the default judgment was proper because the defendant *admitted* that he had actual notice of the default hearing and had simply chosen not appear. 701 P.2d. at 616. In contrast, in the present case Defendant submitted an affidavit stating that she had no prior notice or knowledge of the entry of default or of the default hearing. (Def.'s Decl. ¶ 5) More recent Colorado Supreme Court precedent appears to support Defendant's position that under these circumstances, the judgment must be set aside. In First Nat. Bank of Telluride v. Fleisher, 2 P.3d 706, 713 (Colo. 2000), the Colorado Supreme Court noted that it has "required 'fastidious' compliance with C.R.C.P. 55(b) before allowing a default judgment to stand." 2 P.3d

at 713 (citing *Civil Serv. Comm'n v. Doyle*, 424 P.2d at 372 (Colo. 1967)). Upon determining that a lack of notice of a default hearing violated Fleisher's due process rights, the court held that the judgment entered against Fleisher was void under Rule 60(b). *Id.*

In *Nesbitt v. Nesbitt*, 402 P.2d 228 (Ariz. Ct. App. 1965), another case cited by Plaintiff, the Arizona Court of Appeals stated in dicta[1] that the failure to give notice under rule 55(b) is "not jurisdictional, but merely a procedural irregularity." 402 P.2d at 230. However, as evidenced by the *Fleisher* decision, a procedural irregularity may constitute a due process violation sufficient to render a judgment void. Indeed, at least one subsequent Arizona case belies the dicta cited by Plaintiff. In *Tarr v. Superior Court*, 690 P.2d 68 (Ariz. 1984) the Arizona Supreme Court considered whether a defendant's answer, filed after the entry of default, constitutes an appearance for the purposes of Arizona's identical Rule 55(b). *Id.* at 70-71. The court held that an untimely answer does qualify as an appearance, which thereby entitles a defendant to the notice requirements under Rule 55(b). The court, recognizing that the defendant had not received written notice of the default hearing, upheld the trial court's ruling in which that court vacated the entry of default judgment, but left the entry of default undisturbed. *Id.* at 71. Both *Tarr* and *Fleisher* involved defendants who did not receive proper notice of a default hearing and in both cases the respective state supreme courts held that the default judgment should be set aside.

*Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087 (10th Cir. 1970) provides stronger support for Plaintiff's argument. In that case, the Seventh Circuit, in considering the appellant's contention that the trial court's entry of default

---

[1] The issue before the *Nesbitt* court was whether the failure to appoint a representative for a minor in a divorce action rendered the judgment void. *See Nesbitt v. Nesbitt*, 1 Ariz. App. 293, 295, 402 P.2d 228, 230 (1965) (outlining appellant's assignments of error on appeal). The court was not presented with and did not address whether a failure to provide notice under Rule 55(b) renders a judgment void.

judgment was void for failure to provide three days' notice of the hearing, stated that:

> A procedural defect, such as failure to give notice as required, may be sufficient to afford relief from a default judgment on appeal or for relief under Rule 60(b) or together with other irregularities shown by the facts of a particular case may render the judgment void, however the error should not usually be treated as so serious as to render the judgment void. Such a procedural defect should be considered 'in the light of surrounding circumstances and will at times be harmless.'

429 F.2d at 1091 (quoting 7 Moore's Federal Practice P60.25(2)). Thus, *Stonecipher* directs courts to apply a totality of circumstances test in determining whether judgment should be set aside in cases involving a violation of default hearing notice requirements under the federal rules.

However, more recent cases in other jurisdictions, including the Ninth Circuit, have held that a default judgment issued in derogation of Rule 55(b)(2)'s notice requirements should be vacated, unless special circumstances exist. *See In re Roxford Foods, Inc.*, 12 F.3d 875 (9th Cir. 1993); *Case v. Winters*, 689 P.2d 467, 470 (Alaska 1984) (lack of notice for default judgment was fatally defective); *Cordell v. Jarrett*, 301 S.E.2d 227, 229-30 (W. Va. 1982) (holding that failure to provide notice to defendant of default hearing as required by Rule 55 constituted sufficient cause to set aside judgment under Rule 60(b)(6)); *Radioear Corp. v. Crouse*, 547 P.2d 546, 548-49 (Idaho 1975) ("A default judgment entered without the requisite three day notice is voidable as it has been irregularly obtained."). Rather than apply a totality of the circumstances test, based on the overwhelming case law finding that a default judgment issued in violation of Rule 55(b)'s notice requirements is generally void or voidable, this Court adopts the treatment in the Ninth Circuit whereby a default judgment will be set aside absent a showing of special circumstances.

Plaintiff here offers no special circumstances warranting a denial of Defendant's motion to set aside the default judgment. Plaintiff simply contends that Defendant displayed an intention to ignore this Court's jurisdiction in this case, and that her own culpable conduct led to the entry of default. Furthermore, Plaintiff

contends that vacating the judgment will cause prejudice as Plaintiff will be required to reapply for default judgment here in Guam at great expense.

The circumstances presented by Plaintiff do not outweigh the substantial deprivation of rights that would result if the default judgment in this case were to stand. Even a willfully defaulting defendant is entitled to notice when the defendant has appeared in the case, and such notice allows the defendant to appear again to contest the amount for which he or she will be liable. *BYS Inc. v. Smoudi,* P.3d 1197, 1202 (Ariz. Ct. App. 2012); *Cordell v. Jarrett,* 301 S.E.2d 227, 229-30 (W. Va. 1982); *c.f. Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (due process is fundamentally the right to be heard and that right has little worth unless one is informed of the pending matter). To deprive a defendant of the right to notice of a default hearing constitutes a deprivation of due process, rendering the judgment void. *See Smoudi,* P.3d at 1197.

Defendant in this case did not receive proper notice of the default hearing. Therefore, Defendant was not afforded the opportunity to appear at the default hearing to contest the entry of default or to address the substantial property and custody issues in this divorce action.[2] As such, this Court finds that Defendant was

---

[2]  Also of note is Defendant's contention that the judgment in this case fails to address significant issues regarding division of community property and community debts. Upon closer inspection of the Interlocutory Decree of Divorce and Final Decrees of Divorce submitted by Plaintiff's attorney for this Court's signature, it is apparent that these documents do not constitute valid divorce decrees. Under the Final Decree of Divorce, this Court granted Plaintiff's request for divorce based on irreconcilable differences. Such a finding triggers a statutory duty whereby the Court must identify and characterize the party's assets and debts and thereafter strive to effect an equal distribution of the community property and debts. *See* 8 Guam Code Ann. § 8411(b) (2005). The bare bones Decree submitted by Plaintiff fails to identify any particular community property or separate property, and the Final Decree of Divorce fails to mention community debts, despite the affirmation by Defendant that such debts exist. It is unlikely that such a vague Divorce Decree is valid. Given Defendant's claim that she was not properly served notice of the default hearing, and given that the Final Decree of Divorce lacks any identification or equal distribution of the community property and debts, this Court finds that the defective decree also justifies setting aside the default judgment in this case.

denied due process and that the default judgment must be set aside pursuant to GRCP rule 60(b)(4).[3]

## CONCLUSION

Based on the foregoing, Defendant's motion to set aside the default judgments is GRANTED. The default judgments consisting of the Interlocutory and Final Decrees of Divorce are void and are set aside pursuant to GRCP 60(b)(4). However, as Defendant failed to file an answer or otherwise defend against the Complaint, and as Defendant offers no compelling argument contesting the validity of the Clerk's entry of default, Defendant remains in default. A default hearing is scheduled for September 17, 2012 at 2:00 p.m. Plaintiff shall prepare an appropriate written Notice of Hearing and serve Defendant in accordance with GRCP 5.

It is **SO ORDERED** this 27th day of July, 2012.

_____
HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

JUL 2 7 2012

Domingo N. Nego
Deputy Clerk, Superior Court of Guam

---

[3]  Whether dismissal is proper under GRCP 60(b)(4) or 60(b)(6) largely depends on whether the relevant jurisdiction considers the failure to provide notice as a defect that renders the judgment void, or merely voidable. This Court agrees with those courts that find that a failure to provide notice constitutes a deprivation of due process, thereby rendering the judgment void under rule 60(b)(4). *First Nat. Bank of Telluride v. Fleisher*, 2 P.3d 706, 716 (Colo. 2000) ("A default judgment rendered in violation of the defaulting party's due process rights is a legal nullity.") *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985) (judgment may be set aside on voidness grounds under Rule 60(b)(4) for failure of due process). However, even if the judgment is voidable, rather than void, this court still finds that the circumstances of this case merit setting aside the judgment under GRCP 60(b)(6).

ORIGINAL